**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

——————

No. 14-60742
Summary Calendar

——————

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2015

Lyle W. Cayce
Clerk

ROBERT W. CLAUNCH,

Plaintiff - Appellant

v.

FIA CARD SERVICES, N.A.; BANK OF AMERICA CORPORATION,

Defendants - Appellees

——————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC. No. 1:12-CV-85

——————————

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Pro se Plaintiff Robert Claunch appeals the district court's grant of summary judgment in favor of Defendants FIA Card Services, N.A. ("FIA") and Bank of America Corp.  We AFFIRM.

I.

Claunch sued FIA and its parent company, Bank of America Corp., in relation to credit card accounts that FIA issued to him and his wife.  Claunch alleged that FIA violated, among other things, the Truth in Lending Act, 15

———————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60742

U.S.C. §§ 1601, et seq., by fraudulently enrolling the accounts in a debt cancellation product called Credit Protection Plus ("CPP") without his consent. Claunch and his wife were also members of a consolidated class action suit in the U.S. District Court for the Northern District of California against FIA and Bank of America Corp, which involved numerous claims related to CPP, including allegations that the defendants violated the Truth in Lending Act by enrolling customers in CPP. *See generally* Order Granting Final Approval of Class Action Settlement, *In re Bank of Am. Credit Prot. Mrktg. & Sales Practices Litig.*, No. 3:11-MD-2269 (N.D. Cal. Jan. 16, 2013), ECF No. 97 (hereinafter "Order Approving Settlement"). In that action, in January 2013, the district court entered an order approving a class action settlement. *Id.*

In the present case, in April 2014, the Defendants filed a motion for summary judgment arguing that Claunch and his wife were members of the class action and settlement in the Northern District of California, and that Claunch's claims were therefore barred by the settlement and principles of res judicata. The district court granted the Defendants' motion for judgment on those grounds. Claunch timely appealed. He argues on appeal that summary judgment should not have been granted because he did not receive notice of the class action until April 8, 2014, and at that time, he stated his intent to opt out of the class action.[1]

## II.

"A judgment or court-approved settlement entered in a properly certified class action generally will bind an absent class member." *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 992 (5th Cir. Unit B. Jan. 1981); *see also Taylor v. Sturgell*, 553 U.S. 880, 894 (2008); *Cooper v. Fed. Reserve Bank of Richmond*,

---

[1] Claunch also argues on appeal that a court reporter's certification should have been struck from the district court record. Because granting this relief would not affect the outcome of this appeal, we do not address this request further.

467 U.S. 867, 874 (1984). For absent class members to be bound, due process requires that they receive notice and an opportunity to participate in the litigation. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). "The notice must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 812 (citation and internal quotation marks omitted).

Here, Claunch and his wife were members of the Bank of America CPP class action in the Northern District of California.[2] The undisputed summary judgment evidence demonstrates that all class members in general, and Claunch and his wife in particular, were individually mailed notice at their known mailing addresses.[3] This level of individualized notice satisfies the requirements of due process. *See Dusenbery v. United States*, 534 U.S. 161, 169 & n.4 (2002). It is not determinative that Claunch states he did not actually receive the mailing. Due process in this context requires notice "reasonably calculated" to apprise a party of an action; it does not require "actual notice." *Id.* at 170 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)). Accordingly, because Claunch and his wife were members of the class at the time of the Northern District of California's order

---

[2] The class was certified as "all people in the United States who were enrolled in a Credit Protection program issued by FIA Card Services, N.A., a subsidiary of Bank of America Corporation, between January 1, 2006 and July 17, 2012." Order Approving Settlement, No. 3:11-MD-2269, at 1. Claunch and his wife were enrolled in CPP from 2007 to 2011. They were not listed among those individuals that the Northern District of California found had opted out of the class action. *See id.* at Ex. A, at 2.

[3] The case manager in the class action averred that Bank of America and FIA provided her with the names and addresses of the class members, including Robert and Louise Claunch. She stated that notice was mailed to the class members, including Robert and Louise Claunch. She further stated that the notices sent to Robert and Louise Claunch were not returned by the United States Postal Service and a request for exclusion from the class was not received from Robert or Louise Claunch.

granting final approval of the class settlement, they are bound by the terms of that order and settlement. *See* Order Approving Settlement, No. 3:11-MD-2269.[4]

The order and settlement provide that all class members "unconditionally, fully, and finally release[] and forever discharge[]" the defendants from all claims arising out of, related to, or in connection with marketing of and enrollment in CPP. *Id.* at 4; Settlement Agreement, No. 3:11-MD-2269 (N.D. Cal. July 12, 2012), ECF No. 72-1, at 20 (defining "Released Claims"). To enforce the settlement, the order enjoins all class members from "commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any" of the released claims. Order Approving Settlement, No. 3:11-MD-2269, at 4. Claunch's claims in this action are in connection with enrollment of his and his wife's accounts in CPP. Therefore, the claims were previously released through the settlement agreement in the class action, and the order in that action enjoins Claunch from continuing to pursue the claims through the present case. *See Penson*, 634 F.2d at 992. In addition, because Claunch was a member of the class action, res judicata also bars him from maintaining the present case, which asserts claims against the same defendants and that arise out of the same nucleus of operative facts as the class action. *See Cooper*, 467 U.S. at 874 (providing that res judicata applies to bar claims of absent class members); *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 934 (5th Cir. 1999) (listing elements of res judicata). Accordingly, summary judgment was properly granted in favor of the Defendants.

AFFIRMED.

---

[4] Claunch alleges that he and his wife have since stated their intent to opt out of the class. This does not change the decisive fact that they were members of the class at the time the settlement was entered into and approved by the court.